# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **CHARLES F. MALLOY,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 3:18-CV-379-G (BH) |
| § | |
| **OCWEN LOAN SERVICING, LLC,** § | |
| **WELLS FARGO BANK, NATIONAL** § | |
| **ASSOCIATION, Individually and as** § | |
| **Trustee for OPTION ONE MORTGAGE** § | |
| **LOAN TRUST 2007-FXD2, ASSET-** § | |
| **BACKED CERTIFICATES, SERIES** § | |
| **2007-FDX2, BRANDON WOLF,** § | |
| Attorney at Law, **L. KELLER MACKIE,** § | |
| Attorney at Law, **LORIE LIANE LONG,** § | |
| Attorney at Law, **TRACEY MIDKIFF,** § | |
| Attorney at Law, **MARISSA SIBAL,** § | |
| Attorney at Law, **AVT TITLE SERVICES,** § | |
| **LLC, CARL NIENDORFF, DONNA** § | |
| **STOCKMAN, DAVID STOCKMAN,** § | |
| **KRISTEN WALL AND ALEX ELDER,** § | |
| § | |
| **Defendants.** § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order No. 3-251*, this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court for recommendation are *Plaintiff Charles F. Malloy's Motion to Remand to State District Court*, filed March 19, 2018 (doc. 10), and *Defendant's Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(1)*, filed April 3, 2018 (doc. 12). Based on the relevant filings, evidence, and applicable law, the motion to remand should be **DENIED**, and the motion to dismiss should be **GRANTED**.

## I. BACKGROUND

This case involves the foreclosure of real property located at 8123 San Cristobal Drive, Dallas, Texas 75218 (the Property). (*See* doc. 1-1 at 8-9.)[1] On October 3, 2017, Charles F. Malloy (Plaintiff) filed this *pro se* suit against Ocwen Loan Servicing, LLC (Ocwen); Wells Fargo Bank, National Association, Individually and as Trustee for Option One Mortgage Loan Trust 2007-FDX2, Asset-Backed Certificates, Series 2007 FDX2 (Bank); Mackie Wolf Zientz & Mann, P.C. (Law Firm); several attorneys that worked at Law Firm; AVT Title Services, LLC (AVT); employees that worked at AVT; and Alex Elder (collectively, Defendants) in the 14th District Court of Dallas County, Texas. (*Id.* at 2.) The case was subsequently transferred to the 116th District Court of Dallas County on December 8, 2017. (*Id.* at 81.) Plaintiff appears to assert claims for civil conspiracy, breach of contract, unreasonable collection efforts, constructive fraud, suit to quiet title, trespass to try title, adverse possession, and violations of the Texas Debt Collections Act. (*Id.* at 15-16, 19-26, 33-35.) He also appears to assert violations of the Texas Property Code and the Texas Government Code. (*Id.* at 27-33.) He seeks declaratory relief, injunctive relief, an accounting, a temporary restraining order (TRO), actual damages, punitive damages, and attorney's fees. (*Id.* at 22, 28, 36-38.)

According to a deed of trust (Security Instrument) created on December 27, 2006, Plaintiff borrowed $322,905.00 from Option One Mortgage Corporation (Lender) and granted Lender a security interest in the Property. (*Id.* at 51.) On December 28, 2006, by "Special Warranty Deed with Vendor's Lien," defendant Elder conveyed the Property to Plaintiff in consideration of "[c]ash and one note" payable to Lender. (*Id.* at 47.) On September 12, 2017, a "Notice of Foreclosure

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2

Sale" was filed, and the Property was scheduled for sale on October 3, 2017. (*Id*. at 45.) The notice provided that Bank was "the current mortgagee of the note and deed of trust," and Ocwen was the mortgage servicer. (*Id*.) According to Plaintiff, Lender assigned its interest in the Property to Bank through a "defective and 'robo-signed' assignment" on April 30, 2009. (*Id*. at 43.) Plaintiff alleges that he is the title holder of the Property, and that "Defendants, in concert with one another, have accelerated the loan and scheduled the Property for foreclosure" as part of a civil conspiracy. (*Id*. at 9, 15-16.)

On February 15, 2018, Bank filed its notice of removal of this action in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 1-3.) According to the notice, it had "never been served with the [s]tate [c]ourt [a]ction," and "none of the co-defendants have been served . . . ." (*Id*. at 3.) On March 20, 2018, the state court entered a judgment dismissing Plaintiff's case for want of prosecution. *See* Judgment, *Charles Foster Malloy, Sr. v. Wells Fargo Bank, et. al.*, No. DC-17-13600 (116th Dist. Ct., Dallas, County, Tex. March 20, 2018). The next day, on March 21, 2018, Bank filed a copy of the notice of removal with the state court. *See* Notice of Removal to Federal Court, *Charles Foster Malloy, Sr. v. Wells Fargo Bank, et. al.*, No. DC-17-13600 (116th Dist. Ct., Dallas, County, Tex. March 21, 2018).

On March 19, 2018, Plaintiff moved to remand the case to state court. (*See* doc. 10.) On April 3, 2018, Bank filed its motion to dismiss this suit for lack of subject-matter jurisdiction. (*See* doc. 12.) Bank then filed its initial response to Plaintiff's motion to remand on April 9, 2018, and its supplemental response on July 26, 2018. (docs. 16; 30.) Plaintiff filed a response to Bank's

motion to dismiss on April 24, 2018. (doc. 17.)[2] The motions are now ripe for recommendation.

## II. MOTION TO REMAND

Plaintiff appears to assert that this case should be remanded to the state court because Bank did not timely file its notice of removal or properly serve him with the notice of removal, and because subject-matter jurisdiction is lacking. (*See* doc. 10.) Bank responds, in part, that because the state court dismissed the case prior to receiving the notice of removal, "[t]he proper course of action is not remand, but is dismissal . . . because the [s]tate [c]ourt had . . . jurisdiction . . . when it entered its dismissal order." (docs. 16 at 2; 30 at 2.)

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). Removal is a three-step process that "requires a removing party to (1) file the notice of removal in the federal court; (2) give written notice to all adverse parties; and (3) file a copy of the notice with the clerk of the state court." *Hampton v. Union Pacific R. Co.*, 81 F. Supp. 2d 703, 707 (E.D. Tex. 1999) (citing 28 U.S.C. § 1446(d)); *see Frank A. Smith Sales, Inc. v. Great Northern Ins. Co.*, No. 7:14-CV-804, 2015 WL 12804538, at *2 (S.D. Tex. Feb 23, 2015) (same). "[R]emoval is not effected until all three requirements are met." *Frank A. Smith Sales, Inc.*, 2015 WL 12804538, at *2; *Hampton*, 81 F. Supp. 2d at 707.

"'[F]ederal jurisdiction commences when the defendant files the notice of removal with the district court, and filing the notice with the state clerk affects the state's jurisdiction rather than federal jurisdiction.'" *Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (quoting

---

[2] Although labeled as a response to Bank's motion to dismiss, Plaintiff's response appears to also be directed at the initial response to his motion to remand. (*See* doc. 17.)

*Parker v. Malone*, No. Civ. A. 7:03CV00742, 2004 WL 190430, at *2 (W.D. Va. Jan. 15, 2004)); *see Linden v. Chase Manhattan Corp.*, 52 F. Supp. 2d 387, 388 (S.D.N.Y. 1999) (quoting *Berberian v. Gibney*, 514 F.2d 790, 792-93 (1st Cir. 1975)) (holding that "the jurisdiction of the federal court attaches as soon as the petition for removal is filed with it, and that both state and federal courts have jurisdiction until the process of removal is completed"). Filing the notice of removal with the state court "'inform[s] the state district judge that he can no longer proceed with the case until the federal court decides whether it will retain jurisdiction or not.'" *Nixon*, 368 F. Supp. 2d at 640 (quoting *Adair Pipeline Co. v. Pipeliners Local Union*, 203 F. Supp. 434, 437 (S.D. Tex. 1962)).

Under Fifth Circuit law, "the state court continues to have jurisdiction until it has been given actual or constructive notice of removal. *See Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985); *Medrano v. Texas*, 580 F.2d 803, 804 (5th Cir. 1978); *see also Butler v. King*, 781 F.2d 486, 489 (5th Cir. 1986) (quoting 28 U.S.C. § 1446(e)) ("Once a copy of the removal petition is filed with the clerk of the state court, 'the State court shall proceed no further unless and until the case is remanded.'"); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985) ("[T]he state court retains jurisdiction until the state court receives actual or constructive notice of the removal.").

Here, Bank filed its notice of removal in federal court on February 15, 2018, but did not file the notice of removal in state court until March 21, 2018. (*See* doc. 1 at 1-3.); Notice of Removal to Federal Court, *Charles Foster Malloy, Sr. v. Wells Fargo Bank, et. al.*, No. DC-17-13600 (116th Dist. Ct., Dallas, County, Tex. March 21, 2018).[3] On March 20, 2018, before the notice of removal was filed in state court, the state court entered a judgment dismissing Plaintiff's case for want of

---

[3] The Court may take judicial notice of the filings in state district court as they are matters of public record. *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) ("A court may take judicial notice of a document filed in another court . . . to establish the fact of such litigation and related filings").

5

prosecution. *See* Judgment, *Charles Foster Malloy, Sr. v. Wells Fargo Bank, et. al.*, No. DC-17-13600 (116th Dist. Ct., Dallas, County, Tex. March 20, 2018). Because the state court had not received the notice of the removal to federal court, the removal was not effective at the time it dismissed the case, so it had jurisdiction to enter the judgment of dismissal. *See Murray*, 770 F.2d at 463; *Davis v. Estate of Harrison*, 214 F. Supp. 2d 695, 696–700 (S.D. Miss. 2002) (finding that because the state court had not received "notice of the removal before the stipulation of dismissal was filed, the state court had jurisdiction at the time the stipulation of dismissal was entered."); *see also Russell v. Bac Home Loans Serv., L.P.*, No. SA–14–CA–480–FB, 2015 WL 11545023, at *3–4 (W.D. Tex. Mar. 11, 2015) (citing cases) ("The Fifth Circuit case law has been quite consistent in holding that the state court ceases to have jurisdiction when the state court is given notice."); *Frank A. Smith Sales, Inc.*, 2015 WL 12804538, at *2 (stating that removal is not effected until the state court receives notice of the removal); *Hunt v. Branch Banking & Trust Co.*, No. 4:12–CV–2216–MGL–TER, 2013 WL 989831, at *1–2 (D. S.C. Jan. 25, 2013) (determining that a case was properly withdrawn while the state court retained jurisdiction because removal had not been effected).

Because the state court retained jurisdiction to dismiss the case before removal became effective, essentially there was "nothing left to remove to this Court." *See Davis*, 214 F. Supp. 2d at 700 (finding that there was no case to remove because it had been properly dismissed by the state court); *Paradise Farm v. Stark Cty. Recorder*, No. 5:01CV2755, 2002 WL 273109, at *2–3 (N.D. Ohio Jan. 18, 2002) (finding that where the state court dismissed the case prior to receiving a notice of removal, "there really was no case to remove and the [n]otice of [r]emoval . . . could not 'revive' the action."). Because there was no case to remove based on the state court's dismissal of the action

6

while it still retained jurisdiction, there is also no case to remand. *See Davis*, 214 F. Supp. 2d at 700 (stating that the court would remand the case, "but there [was] nothing to remand."). Accordingly, Plaintiff's motion to remand should be denied.[4] *See id.*; *Paradise Farm*, 2002 WL 273109, at *3 n.4 (finding that "remand would be an exercise in futility" where the case had "already been dismissed by the state court").[5]

### III. MOTION TO DISMISS

Bank moves to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (docs. 12; 13.)

**A.     Legal Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S.

---

[4] Although the parties dispute whether Plaintiff received notice of the removal to federal court, they agree that the state court did not receive notice of the removal before it dismissed the case. (*See* docs. 10 at 2-3;16 at 2; 17 at 1-2; 30 at 2-5.) Because the failure to provide the state court with notice of removal before it dismissed the case is determinative of Plaintiff's motion to remand, it is unnecessary to address this issue.

[5] Because Plaintiff's motion for remand is subject to denial, it is unnecessary to address his remaining arguments for remand.

500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id*. Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*.

A district court may dismiss for lack of subject-matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject-matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). If sufficient, those allegations alone provide jurisdiction. *Id*. Facial attacks are usually made early in the proceedings. *Id*. "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998) (citations omitted).

If the defendant supports the motion with evidence, however, then the attack is "factual" and

8

"no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting federal jurisdiction continually carries the burden of proof to show it exists. *Ramming*, 281 F.3d at 161.

Here, Bank provides an appendix in support of its motion to dismiss that includes a copy of the docket sheet and order of dismissal from the state court proceedings. (*See* doc. 14.) Its motion therefore represents a factual attack, and no presumption of truth attaches to Plaintiff's factual allegations. "Because Plaintiff does not contest [Bank's] proffered evidence, however, there are no disputed facts to resolve." *McClain v. Bueschel*, No. 3:09–CV–1721–M, 2010 WL 742452 at *2 (N.D. Tex. Mar. 2, 2010).

**B.** **State Court Dismissal**

Bank argues that this action should be dismissed because it was dismissed by the state court while that court still retained jurisdiction. (doc. 13 at 3-4.) Plaintiff appears to agree that this Court lacks jurisdiction. (doc. 17 at 2.)

Bank relies on *Paradise Farm*, 2002 WL 273109, in support of its argument for dismissal. In *Paradise Farm*, a defendant filed a notice of removal in federal court, but before a copy of the notice was filed in state court, the state court entered a judgment dismissing the case based on a motion to dismiss. 2002 WL 273109, at *1–2. The federal court determined that because the case was dismissed in state court prior to removal becoming effective, "there really was no case to remove," and *sua sponte* dismissed the action. *Id*. at *3. Similarly, other federal courts have

9

dismissed actions when they were disposed of by the state court before the state court received a notice of removal. *See Hunt*, 2013 WL 989831, at *2–3 (dismissing action without prejudice where the action was properly withdrawn because the state court had not received notice of the removal to federal court and still retained jurisdiction); *Davis*, 214 F. Supp. 2d at 696, 699–700 (dismissing action where the state court dismissed the action pursuant to a voluntary stipulation of dismissal before it received any notice of the removal to federal court); *cf. Transitional Learning Cmty. at Galveston, Inc. v. Metro. Life Ins. Co.*, 895 F. Supp. 153, 154–55 (S.D. Tex. 1995) (denying motion to set aside default judgment entered by the state court before it received notice of removal, and instructing the parties to seek relief from the Fifth Circuit).

Here, as discussed above, Bank filed its notice of removal in federal court on February 15, 2018, but before notice of the removal was provided to the state court, the state court dismissed this action for want of prosecution. *See Charles Foster Malloy, Sr. v. Wells Fargo Bank, et. al.*, No. DC-17-13600 (116th Dist. Ct., Dallas County, Tex. Oct. 3, 2017). The state court therefore retained jurisdiction to dismiss this action because removal was not effected, and there was no longer a case to remove to this Court at the time the removal became effective. *See Paradise Farm*, 2002 WL 273109, at *3. Because this action was dismissed by the state court while it retained jurisdiction, this Court lacks subject-matter jurisdiction.[6] *See Hunt*, 2013 WL 989831, at *2–3; *Davis*, 214 F. Supp. 2d at 696, 699–700; *Paradise Farm*, 2002 WL 273109, at *3.[7]

---

[6] Plaintiff argues that the appropriate remedy is remand, rather than dismissal. (doc. 17 at 2.) As discussed, however, remand would be improper because there was no longer any case to remand. Accordingly, dismissal is proper. *See Davis*, 214 F. Supp. 2d at 700 (dismissing rather than remanding in a similar situation); *Paradise Farm*, 2002 WL 273109, at *3 n.4 (same).

[7] Although Bank is the only party that moves to dismiss this action, a district court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). If the court finds that it lacks subject matter jurisdiction, it has a duty to dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). The fourteen-day time frame for filing objections to the recommended

## IV. RECOMMENDATION

Plaintiff's motion remand should be **DENIED**, and this case should be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

**SO RECOMMENDED this 5th day of October, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

dismissal ensures the procedure is fair by providing the requisite notice and opportunity to be heard. *See Shaunfield v. Experian Information Solutions, Inc.*, 991 F. Supp. 2d 786, 897 (N.D. Tex. 2014). Here, because the Court lacks subject-matter jurisdiction over this action based on the prior dismissal in state court, Plaintiff's claims against the non-moving defendants should be *sua sponte* dismissed for lack of subject-matter jurisdiction. *See Kelley v. Bergamino*, No. 3:08–CV–00887–B, 2009 WL 174131, at *4 (N.D. Tex. Jan. 23, 2009) (ordering *sua sponte* dismissal of nonmoving defendants for lack of subject-matter jurisdiction following a opportunity to be heard); *see also Turner v. AmericaHomeKey, Inc.*, No. 3:11–CV–0860–D, 2011 WL 3606688, at *6 (N.D. Tex. Aug. 16, 2011), *aff'd*, 514 F. App'x 513 (5th Cir. 2013) (dismissing action against a defendant who had not joined the motion to dismiss that was before the court; explaining that a "court has the authority to consider the sufficiency of a complaint and 'dismiss an action on its own motion as long as the procedure employed is fair' ") (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006)).